■ . BHB DEVELOPMENT CORPORATION, Appellant, v. MICHAEL PINTO, Respondent.— In an action by a vendee (1) for specific performance of a contract to sell real property and (2) for money damages, plaintiff appeals from an order of the Supreme Court, Orange County, entered July 25, 1973, which granted defendant's motion for summary judgment and denied plaintiff's cross motion to increase the ad damnum of the complaint. Order reversed, without costs, defendant's motion denied and plaintiff's cross motion granted. By agreement dated June 6, 1972 defendant agreed to sell the subject property to plaintiff for $29,750, on condition that plaintiff obtain from the Town of Wallkill Planning Board preliminary subdivision approval for dividing the property into at least 12 separate building lots. It was also agreed that the contract would become null and void in the event plaintiff did not obtain such approval within six months after the date of the contract. Plaintiff duly applied to the planning board, which denied the application on October 2, 1972, and plaintiff's attorney notified defendant's counsel of the disapproval. On October 19, 1972 defendant's counsel sent plaintiff's attorney a check for $1,250 (representing the return of plaintiff's down payment, less $250 paid to a broker), together with a letter saying the down payment was being returned because plaintiff had not obtained the subdivision approval. By letter dated January 4, 1973 plaintiff's attorney returned the $1,250 check to defendant's counsel, saying plaintiff wished to proceed with the purchase of the property. By letter dated January 17, 1973 defendant's counsel returned the check, saying the contract of sale had been terminated on October 19, 1972 and defendant was free to sell the property to another purchaser. On the same

day defendant executed a binder agreement to sell the property to other purchasers for $31,500. Sometime after January 8, 1973 (just when does not appear) plaintiff obtained the preliminary subdivision approval. On March 15, 1973 plaintiff commenced the present action for specific performance of defendant's contract to sell the real property to it for $29,750 or for alternative money damages of $15,000. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved to increase the *ad damnum* clause in its complaint to $46,250. In our opinion the circumstances surrounding plaintiff's retention of the check from October, 1972 to January, 1973 should be explored at a trial. Therefore, the cross motion to increase the *ad damnum* clause should be granted in the exercise of discretion. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.